61 So.2d 866

## MILES v. STATE.
### 4 Div. 227.

Court of Appeals of Alabama.
Dec. 10, 1952.

Lawrence K. Andrews, Union Springs, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

This appeal is from an order of the circuit judge denying petitioner bail in a habeas corpus proceedings.

Without dispute in the evidence the petitioner killed Sylvester Buchanan by shooting him with a rifle.

According to the averments of the petition the accused is imprisoned in the county jail of Bullock County, Alabama on a charge of murder by virtue of a warrant issued out of the justice court of said county.

We will follow our usual custom in review of appeals of cases of this character and not enter into a detailed delineation of the record evidence.

Both the deceased and the petitioner are members of the Negro race.

The homicide occurred in the home of the accused. The difficulty had its inception in a dispute arising out of a "skin game."

The petitioner left the room in which the gambling was in progress. He proceeded to another room in the dwelling and secured a rifle. He was followed by the deceased.

There is some conflict in the evidence relating to what transpired in the gambling room, but all of the witnesses testified that the deceased was advancing on the petitioner and had almost reached him when the gun was fired.

There is some dispute as to whether or not the deceased, while advancing, was armed with a knife and soft drink bottle.

There was a knife introduced in evidence, but the record does not disclose where the weapon came from or under what

circumstances it was possessed for use in the trial proceedings.

Title 15, § 195, Code 1940 directs in part: "A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punishable capitally * * *."

In the fairly recent case of Colvin v. State, Ala.App., 53 So.2d 99,[1] Judge Harwood authored the opinion for the court. With considerable care he discussed the legal doctrines with which we are now confronted.

We are clear to the conclusion that if we should affirm the judgment below in the case at bar we would be entirely out of harmony with the holding in the Colvin case and the authorities cited therein.

It is ordered, therefore, that the judgment and decree of the court below denying bail be reversed. It is ordered also that the petitioner be released upon his furnishing bail in the amount of Three Thousand Dollars ($3000) to be approved by the circuit judge below, or by the sheriff of Bullock County, Alabama, as provided by Title 15, § 194, Code 1940.

Reversed and remanded with instructions.